No. 27637

**The People of the State of Colorado v. John R. Bement and Michael Francis Pellegrini**

(567 P.2d 382)

Decided August 2, 1977.

436

John F. Healy, District Attorney, John M. Blish, Deputy, for plaintiff-appellant.

Eugene D. Lorig, Terence J. Quinn, for defendants-appellees.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an interlocutory appeal by the district attorney after the trial court granted defendants' motions to suppress certain evidence seized during a warrantless search. The People contend that the defendants do not have standing to contest the search and seizure. We approve the court's ruling.

Defendant Bement, with one other person, rented a condominium unit in Vail on September 13, 1976. Defendant Pellegrini also resided in the unit as a guest. The rental was $225 per month, and the defendants paid the condominium's manager $200. The manager then permitted the tenants to occupy the premises. At trial, the manager testified that when he accepted this payment he told the tenants that "we would treat the bulk of it" as damage deposit. The manager unilaterally treated $150 as damage deposit and cable television charges, and the remaining $50 as rental. He computed the rent on a daily basis of $7.50 per day, thereby, according to him, exhausting the $50 rental payment after seven days. On the eighth day of occupancy, the manager changed the lock on the unit.

After viewing the apartment at that time, the manager contacted the Vail Police with the intention to press charges against the defendants for criminal mischief. A police officer viewed the apartment that evening, and another officer searched the unit on the following morning. The police obtained consent from the general manager prior to this search. The search produced items alleged to have been stolen. It was stipulated that the rights of Pellegrini were the same as those of Bement. At a pre-trial hearing, the defendants were successful in having these items suppressed. The issue here is whether the defendants have standing to contest the search and seizure of these items.

The trial court found:

"That the tenancy of Defendant Bement in No. 210 Antlers had not been terminated at the time of the search involved herein, by abandonment of the premises or in a manner permitted by Title 13, Article 40, Colorado Revised Statutes of 1973;

"That defendants Bement and Pellegrini had a reasonable expectation of privacy as to No. 210 Antlers;

"That this reasonable expectation of privacy was violated by the warrantless search which was conducted by the police in this matter;

"That the search violated the rights of these defendants under Article 4 of the U.S. Constitution and Article 2, Section 7 of the Colorado Constitution."

It is apparent from this ruling that the trial court found that the tenants were entitled to and did believe that the rental had not been exhausted. If so, the defendants possessed a sufficient proprietary interest in the condominium to afford them a reasonable expectation of privacy against a warrantless police intrusion. *People v. Pearson*, 190 Colo. 313, 546 P.2d 1259 (1976). The evidence supports the findings and conclusions of the trial court.

Ruling affirmed.

MR. JUSTICE ERICKSON does not participate.